```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  TEXARKANA DIVISION
```

**THOMAS E. JONES, JR.**                                           PLAINTIFF

        v.            Civil No. 07-4090

**RELIASTAR LIFE INSURANCE COMPANY**
**and ING EMPLOYEE BENEFITS**                                     DEFENDANTS

### O R D E R

    Now on this 12th day of March, 2009, comes on for consideration this judicial appeal of an administrative benefits decision under the Employee Retirement Income Security Act ("ERISA"), as well as plaintiff's **Motion For A Less Deferential Standard Of Review And For Leave To Conduct Discovery** (document #23). The matter is fully briefed, and ripe for decision.

    1. On appeal of a benefits decision under ERISA, the facts are those contained in the Administrative Record. A review of the Record in this case reveals the following facts relevant to plaintiff's claim:

    \* For many years before May 9, 2001, plaintiff Thomas E. Jones, Jr. ("Jones") worked as a Trust Officer at Hibernia Corp. ("Hibernia"). As of that date he began to receive disability benefits under Hibernia's ERISA plan (the "Plan"), which was insured and administered by ReliaStar Life Insurance Company ("ReliaStar"). The ReliaStar disability benefits were predicated

primarily on diabetes mellitus and conditions related thereto, particularly peripheral neuropathy and gastroparesis[1].

* Under the ReliaStar Group Policy (the "Policy"), monies denominated "Other Income" are deducted -- or "offset" -- from a participant's disability benefits. Other Income includes income the participant is eligible to receive because of "the same or related disability" from government disability programs. This offset provision does not apply, however, to "disability benefits you receive from a past employer, if these benefits have been paid continuously to you for more than 2 years before you become eligible to receive benefits under the Group Policy."

* Since 1971 Jones had received a small monthly disability benefit from the Veterans Administration ("VA") based on a shell fragment wound to the left shoulder with resulting 20% disability. ReliaStar did not offset Jones' VA payment for his left shoulder disability, which started more than 2 years before he became disabled under the Policy.

* On December 27, 2001, the Department of Veterans Affairs notified Jones that it had awarded him benefits for disability related to diabetic nephropathy with hypertension; diabetic gastroparesis; diabetes mellitus, Type II; diabetic polyneuropathy, right lower extremity; and diabetic erectile dysfunction, all related to "herbicide" and made retroactive to November 18, 1999.

---

[1] According to <u>Stedman's Medical Dictionary</u>, 28th Ed., gastroparesis is "[w]eakness of gastric peristalsis, which results in delayed emptying of the bowels."

\*   ReliaStar did not learn of this award of VA benefits until 2005.  On April 19, 2005, ReliaStar notified Jones that his VA disability benefit related to diabetes was Other Income under the Policy, and that it would start offsetting the amount immediately, although it would not request refund of overpayment for the years between 1999 and 2005.

\*   Jones appealed the decision to offset the VA diabetes-related disability benefit, contending that it was not a new benefit, but rather a continuation of the shoulder disability benefit and had, therefore, been paid for more than two years before his ReliaStar disability benefits commenced.  Jones based his position in large part upon the fact that both disability claims were processed under the same VA file number.

2.   The standard for judicial review of ReliaStar's decision is dictated by the terms of the Plan.  Denial of ERISA benefits is "reviewed on a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." **Firestone Tire & Rubber Co. v. Bruch**, **489 U.S. 101, 115 (1989)**.  If the administrator has discretionary authority, its eligibility decisions are reviewed for abuse of that discretion.  **Groves v. Metropolitan Life Insurance Co.**, **438 F.3d 872 (8th Cir. 2006)**.

The Plan in this case gives defendant ReliaStar discretion to determine eligibility for benefits.  Jones contends, however, that

less than full deference should be afforded to ReliaStar's benefits decision because it acted under a conflict of interest and there was a serious procedural irregularity which caused a serious breach of the plan administrator's fiduciary duty to him.  See **Woo v. Deluxe Corp.**, **144 F.3d 1157, 1160 (8th Cir. 1998)**.

ReliaStar concedes that it acted under a conflict of interest, as it must in light of **Metropolitan Life Ins. Co. v. Glenn**, **--- U.S. ---, 128 S.Ct. 2343, 2348 (2008),** since it is both the insurer and the administrator of the Plan.  It denies, however, that any serious procedural irregularity or breach of fiduciary duty occurred.

The procedural irregularity urged by Jones is the failure of ReliaStar to obtain an independent medical exam ("IME") before determining that the conditions for which it found him disabled were related to the conditions for which the VA found him disabled in 2001, and not related to those for which the VA found him disabled in 1971.

The Court finds no basis to consider this is a procedural irregularity.  Jones' medical records make it clear that his ReliaStar disabling conditions were almost entirely related to diabetes.  Dr. J. Sidney Smith listed "diabetes mellitus with horrible autonomic peripheral neuropathy" as Jones' principal diagnosis, with subdiagnoses under that category of gastroparesis, orthostatic hypotension, peripheral neuropathy, and impotence.

Upon the retirement of Dr. Smith, Dr. John W. Graham noted, in taking over Jones' care, that Jones had "a long, complicated history involving insulin-dependent diabetes mellitus with multiple complications including diabetic gastroparesis, peripheral vascular disease and autonomic neuropathy with orthostatic hypotension, peripheral neuropathy and chronic renal failure."  Neither Jones nor any of his doctors ever suggested that these conditions were related to his shoulder injury.

Under these circumstances, there is no basis to fault ReliaStar for not obtaining an IME, and no reason to allow Jones to conduct discovery.  Jones' Motion For A Less Deferential Standard Of Review And For Leave To Conduct Discovery will, therefore, be denied.

3.  In the absence of any procedural irregularity, the conflict under which ReliaStar admittedly labors does not affect the standard of review, and the Court will review the benefits decisions for abuse of discretion.  The abuse of discretion standard has been described as follows:

> In applying an abuse of discretion standard, we must affirm if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision. A reasonable decision is fact based and supported by substantial evidence.  We may consider both the quantity and quality of evidence before a plan administrator.  And we should be hesitant to interfere with the administration of an ERISA plan.

**Groves v. Metropolitan Life Ins. Co.**, **438 F.3d 872, 875 (8th Cir.**

2006)(internal citations and quotation marks omitted).

"Substantial evidence" is "more than a scintilla but less than a preponderance." **Leonard v. Southwestern Bell Corp. Disability Income Plan**, 341 F.3d 696, 701 (8th Cir. 2003).

4.   The legal issue here presented is whether ReliaStar's decision to offset the VA benefits for diabetes-related disability is supported by substantial evidence.  When the Court analyzes the Administrative Record in light of the abuse of discretion standard, it finds that a reasonable person could have reached the decision reached by ReliaStar in this case.

The ultimate issue separates itself analytically into two sub-issues:

(a)  Are Jones' VA diabetes benefits "disability benefits" that had been "paid continuously" by his past employer for more than two years before ReliaStar found him eligible to receive disability benefits related to diabetes?  The answer to this question is "no."

The only links Jones can point to between the shoulder-related disability and the VA diabetes-related disability are that they are both service-related and they were processed by the VA under the same file number.  That is not enough.  The benefits for diabetes and diabetic-related conditions were different disability benefits from the shoulder benefit, and only began to be paid as of November 18, 1999.  By way of illustration, a different situation would have

been presented had Jones' shoulder condition worsened and his disability benefits related to that injury been increased in 1999. That is not what happened in this case.

(b) Are Jones' VA diabetes benefits and his ReliaStar benefits received because of "the same or related disability"? The answer to this question is "yes."

There is a clear medical link between the VA's disability based on diabetic conditions and ReliaStar's disability based on diabetic conditions. Both involved the same constellation of conditions related to diabetes, including diabetic nephropathy; diabetic gastroparesis; and diabetic neuropathy.

Jones stakes out a position that his ReliaStar disability is based entirely on gastroparesis, which is not the sole or even the main basis of his VA disability. Even if that were true, it would not alter the outcome of the case. The offset provision covers "the same or related disability," and the various diabetic conditions are all clearly related. Dr. Smith, who gave as his medical opinion that Jones' "reason for disability is his gastroparesis solely," stated in the same letter that "Mr. Jones does indeed have complications of his diabetes, including gastroparesis. . . ." In a letter to defendant ING Employee Benefits (an arm of ReliaStar), Dr. Smith described Jones' diabetic gastroparesis as a "digestive disorder which is an autonomic neuropathy of his diabetes mellitus."

5. Because Jones' VA diabetes-related disability benefits

are for "the same or related disability" as his ReliaStar disability benefits, and because the VA diabetes-related benefit had not been "paid continuously" to Jones for more than two years before he became eligible for the ReliaStar benefit, ReliaStar's decision to offset the VA diabetes-related benefit was not in error, and the Court concludes that Jones' appeal in this matter should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For A Less Deferential Standard Of Review And For Leave To Conduct Discovery** (document #23) is **denied**.

**IT IS FURTHER ORDERED** that this matter is **dismissed with prejudice**.

**IT IS SO ORDERED.**

     /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**